# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEN AUMAN,**

    **Plaintiff,**

**v.**

**STATE OF KANSAS, et al.,**

    **Defendants.**

Case No. 17-cv-02069-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Ken Auman's three motions: Motion for Extension of Time on All Deadlines (Doc. 23); "1st Amended Petition and Motion for Leave to File Late for Cause Shown if Considered Late" (Doc. 24); and Motion for Leave to Object to All Orders on Stays on Discovery (Doc. 25). For the reasons explained below, the court grants plaintiff an extension of time to respond to defendant State of Kansas's "Motion to Dismiss and Request for [Fed. R. Civ. P.] 54(b) Certification of Finality" (Doc. 13) and defendant City of Overland Park's "Motion to Dismiss Defendants" (Doc 18.). But, the court denies leave to amend the Complaint at this time and overrules the objection to the Order staying discovery (Doc. 25).

### I. Motion for Extension of Time on All Deadlines (Doc. 23)

Plaintiff seeks an extension of time on all deadlines. *See* Doc. 23 at 1. Plaintiff requests this extension because he "wishes to Amend his complaint further including with the help of counsel and Plaintiff wishes to brief the Court on his position on the proposed dismissals and stay which stays appear have been granted and Plaintiff is objecting by leave of court to the stays contemporaneously with this motion." *Id.* ¶ 4. The court construes plaintiff's motion as a

request for an extension of time to do four things: (1) amend his Complaint; (2) respond to defendant State of Kansas's "Motion to Dismiss and Request for [Fed. R. Civ. P.] 54(b) Certification of Finality" (Doc. 13); (3) respond to defendant City of Overland Park's "Motion to Dismiss Defendants" (Doc 18.); and (4) object to the Order staying discovery (Doc. 22). The court addresses the extension of time to amend the Complaint in part II. below, and the extension of time to object to the order staying discovery in part III. Here, the court addresses the extension of time to respond to defendants' pending motions.

Plaintiff tries to justify this request, asserting that he "has gone through one of the hardest times of his life this year and has been unable to keep up with this case." *Id.* ¶ 2. While the court often grants extensions of time needed to accommodate hardships, plaintiff has not specified the duration of the extension he seeks. Fourteen days is a reasonable amount of time for the extension, and the court thus extends the time to respond to defendant State of Kansas's "Motion to Dismiss and Request for [Fed. R. Civ. P.] 54(b) Certification of Finality" (Doc. 13) and defendant City of Overland Park's "Motion to Dismiss Defendants" (Doc 18.). Plaintiff must file his response to defendants' motions on or before **September 25, 2017**.

## II. "1st Amended Petition and Motion for Leave to File Late for Cause Shown if Considered Late" (Doc. 24)

Plaintiff requests leave to file an amended Complaint. *See* Doc. 24 at 1. Plaintiff asserts that he faxed an amended Complaint, but the court never received it. *Id.* ¶¶ 1–2. Also, plaintiff asserts that he filed the amended Complaint "within a few days of fees being waived in the case." *Id.* ¶ 1. Plaintiff filed the original Complaint on February 3, 2017. Magistrate Judge O'Hara entered an Order granting plaintiff's "Motion to Waive Fees" on February 6, 2017. Taking plaintiff at his word, it appears that plaintiff attempted to amend his Complaint within the constraints of Fed. R. Civ. P. 15. *See* Fed. R. Civ. P. 15(a)(1)(A) ("A party may amend its

2

pleading once as a matter of course within 21 days after serving it . . . "). But, the court never received any such amended pleading. So, plaintiff has not amended his Complaint as a matter of right.

Because defendants now have filed motions to dismiss, plaintiff may no longer amend his Complaint as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). But, Rule 15 allows plaintiff to amend with the defendants' consent or the court's leave. Fed. R. Civ. P. 15(a)(2) ("In other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."). If a party wishes to seek the court's leave, the party must follow our court's Local Rules. D. Kan. Rule 15.1 provides:

> (a) Requirements of Motion. A party filing a motion to amend or a motion for leave to file a pleading or other document that may not be filed as a matter of right must:
>
> (1) set forth a concise statement of the amendment or leave sought;
> (2) attach the proposed pleading or other document; and
> (3) comply with the other requirements of D. Kan. Rules 7.1 through 7.6.

D. Kan. Rule 15.1. Plaintiff's motion does not comply with Rule 15.1. It does not provide a concise statement of the amendment or leave sought. It also does not attach the proposed pleading. The court thus denies plaintiff leave to amend his Complaint without prejudice to his right to file a rule-complaint Rule 15 motion. Finally, in response to plaintiff's request for extension of time on all deadlines, the court does not grant such open-ended relief. So, the court denies this request.

### III. Motion for Leave to Object to All Orders on Stays on Discovery (Doc. 25)

Finally, plaintiff moves for leave to object to all orders staying discovery. *See* Doc. 25 at 1. Though his motion does not say as much, it appears that plaintiff is trying to resurrect his right to object to Judge O'Hara's Order staying discovery. *See* Doc. 22. at 4.

Fed. R. Civ. P. 72 governs such an objection. This rule provides:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a). So, when reviewing a magistrate judge's order deciding a nondispositive pretrial matter, the district court applies a "clearly erroneous or contrary to law" standard of review. *See First Union Mortg. Corp. v. Smith*, 229 F.3d 992, 995 (10th Cir. 2000) (quoting *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1461–62 (10th Cir. 1988)); 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). Under the clearly erroneous standard, the district court does not conduct a de novo review of the factual findings; rather, it must affirm a magistrate judge's order unless a review of the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp.*, 847 F.2d at 1464. In contrast, "the contrary to law" standard permits the district court to conduct an independent review of purely legal determinations made by the magistrate judge. *Sprint Commc'ns Co. L.P. v. Vonage Holdings Corp.*, 500 F. Supp. 2d 1290, 1346 (D. Kan. 2007) (citations omitted). A magistrate judge's order is contrary to law if it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Walker v. Bd. of Cnty. Comm'rs of Sedgwick Cty.*, No. 09–1316–MLB, 2011 WL 2790203, at *2 (D. Kan. July 14, 2011) (quotation omitted).

Plaintiff's objection to Judge O'Hara's Order is untimely. He did not file the objection within 14 days after the Order was issued or timely request an extension of time. Judge O'Hara issued his Order staying discovery on July 6, 2017. Plaintiff filed both his motion for an extension of time and his motion objecting to the stay on discovery on August 2, 2017—after the 14-day deadline. On these grounds alone, the court could deny the objection. But, an independent reason exists for dismissing the objection—the order is neither clearly erroneous nor contrary to law.

Plaintiff argues that "[d]iscovery regarding state of Kansas, may reveal that they are not compliant with the requirements of statehood" so it is not entitled to Eleventh Amendment immunity. *Id.* ¶ 1. Plaintiff also alleges that Overland Park is not entitled to any type of immunity. *Id.* These allegations do not specifically address the reason Judge O'Hara stayed discovery. After thoroughly reviewing the record and Judge O'Hara's Order, the court finds that Judge O'Hara's decision to stay discovery pending the resolution of the sovereign immunity issue is neither clearly erroneous nor contrary to law. For that reason, the court overrules plaintiff's objection.

**IT IS THEREFORE ORDERED BY THE COURT THAT** plaintiff Ken Auman's Motion for Extension of Time on All Deadlines (Doc. 23) is granted insofar as it extends the time to respond to defendant State of Kansas's "Motion to Dismiss and Request for [Fed. R. Civ. P.] 54(b) Certification of Finality" (Doc. 13) and defendant City of Overland Park's "Motion to Dismiss Defendants" (Doc 18.). Plaintiff must file his response to defendants' motions on or before **September 25, 2017**. Plaintiff's motion is denied in all other respects. No other deadlines are extended at this time.

**IT IS FURTHER ORDERED THAT** plaintiff Ken Auman's "1st Amended Petition and Motion for Leave to File Late for Cause Shown if Considered Late" (Doc. 24) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff Ken Auman's Motion for Leave to Object to All Orders on Stays on Discovery (Doc. 25) is denied and the objection is overruled.

**IT IS SO ORDERED.**

**Dated this 11th day of September, 2017, at Topeka, Kansas.**

                                                **s/ Daniel D. Crabtree**
                                                **Daniel D. Crabtree**
                                                **United States District Judge**