IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**KEN AUMAN,**

        **Plaintiff,**

v.

**STATE OF KANSAS, et al.,**

        **Defendants.**

Case No. 17-2069-DDC-JPO

## MEMORANDUM AND ORDER

On February 3, 2017, pro se[1] plaintiff Ken Auman filed this action against four groups of defendants: (1) State of Kansas; (2) City of Overland Park, Kansas; City of Overland Park, Kansas Police Department; City of Overland Park, Kansas Police Officers John Does 1–3; and City of Overland Park, Kansas Court Clerk Jane Doe (collectively, the "Overland Park defendants"); (3) "Kansas Judge Franklin;" and (4) the Johnson County Sheriff's Department and Johnson County Jail Personnel John and Jane Does 1–5 (collectively, the "Johnson County defendants"). Plaintiff brings claims against these defendants under 42 U.S.C. §§ 1982, 1983, 1985, 1986, 1988, and 1989; and 28 U.S.C. §§ 2201 and 2202. He alleges that defendants have violated his First, Fourth, Fifth, Sixth, Ninth, and Fourteenth Amendments rights. Doc. 1 at 1–2.

The State of Kansas and the Overland Park defendants have moved to dismiss the claims in their entirety. Docs. 13 & 18. The State of Kansas asserts that the court lacks subject matter jurisdiction over the claims against it. Docs. 13 & 14. The Overland Park defendants moved to

---

[1] Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the court does not assume the role of advocate for plaintiff. *Id.* Nor does plaintiff's pro se status excuse him from complying with the court's rules or facing the consequences of noncompliance. *Nielsen v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994).

dismiss under Rule 12(b)(6).  Docs. 18 & 19.  They argue that the statute of limitations bars plaintiff's claims and then, alternatively, that each of the claims in the Complaint fails to state a claim.

Following these motions to dismiss, plaintiff filed four motions of his own:  a "Motion for Leave of Court to File the Following Amended Petition" (Doc. 39) and three motions asking the court to take judicial notice (Docs. 33–35).

The court addresses defendants' motions first and then, plaintiff's motions.  For reasons discussed below, the court grants defendants' motions and denies plaintiff's motions.

**I.     Factual Background**

The following facts are taken from plaintiff's Complaint.  The court accepts the facts asserted in the Complaint as true and views them in the light most favorable to plaintiff.  *Burnett v. Mortg. Elec. Registration Sys., Inc.*, 706 F.3d 1231, 1235 (10th Cir. 2013) (citing *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009)).

In his Complaint, plaintiff alleges that between February 2 and 23, 2012, defendants falsely incarcerated him for 21 days, without—what he calls—"a proper 4th Amendment set of documents."  Doc. 1 at 2 ¶ 6.  During this 21-day period, plaintiff alleges that he asked to see those documents and defendants failed to provide them.  Although, plaintiff asserts a "supervisor jailer" produced a copy of a "vague document which did not come close to a 4th amendment set of warrant documents."  *Id.* at 2 ¶ 10.

Plaintiff also alleges that he was told at some point—but not right away—that he was being held on a contempt charge.  But plaintiff asserts that defendants never provided a reason for a contempt charge.  Indeed, plaintiff's Complaint alleges that during his 21-day incarceration he was never charged or given a bond hearing.  He concedes that the court set a bond hearing at some point, but later cancelled it.

Plaintiff's Complaint also alleges that jail personnel refused to provide him a toothbrush, pen, or pencil for eight days. When he finally received paper and pen, plaintiff wrote three motions for delivery to the court. But jail personnel refused to deliver them and would not allow plaintiff to deliver them. Plaintiff alleges that he finally got stamps and an envelope to mail a motion for early release. Later, when he later checked the "record," the motion for early release was the only motion filed with the court.

Plaintiff also alleges that a supervisor threatened to inject him with a needle and feed him intravenously because he refused to eat or drink. Finally, plaintiff alleges that he was forced to provide a urine sample to medical personnel. The urine test showed that he had a liver problem. Plaintiff demanded the urine sample and any documentation about it.

The Complaint never links these factual allegations to a specific claim. Instead, "[p]laintiff includes all statements" under each claim he asserts. *See* Doc. 1 at 3–5. Each claim requests a different form of relief.

## II.  Defendants' Motions

The State of Kansas moves for dismissal under Rule 12(b)(1) and the Overland Park Defendants move for dismissal under Rule 12(b)(6).

In its motion to dismiss, the State of Kansas asserts that the court lacks subject matter jurisdiction over plaintiff's claims because Eleventh Amendment immunity makes it immune from suit in federal court. Docs. 13 & 14. The Overland Park defendants moves for dismissal under Rule 12(b)(6). Docs. 18 & 19. The Overland Park defendants argue, first, that the statute of limitations bars plaintiff's claims. Alternatively, they argue that each of the claims in the Complaint fails to state a claim.

3

### A. Rule 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction by the State of Kansas

#### 1. Legal Standard

"Federal courts are courts of limited jurisdiction and, as such, must have a statutory basis to exercise jurisdiction." *Montoya v. Chao*, 296 F.3d 952, 955 (10th Cir. 2002) (citation omitted). Federal district courts have original jurisdiction over all civil actions arising under the constitution, laws, or treaties of the United States or where diversity of citizenship exists. 28 U.S.C. § 1331; 28 U.S.C. § 1332. "A court lacking jurisdiction cannot render judgment but must dismiss the cause at any stage of the proceedings in which it becomes apparent that jurisdiction is lacking." *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974) (citation omitted). Since federal courts are courts of limited jurisdiction, there is a presumption against jurisdiction, and the party invoking federal jurisdiction bears the burden to prove it exists. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

When defendants attack the Complaint's allegations of subject matter jurisdiction, the court "must accept the allegations in the complaint as true." *Holt v. United States*, 46 F.3d 1000, 1002 (10th Cir. 1995) (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). But, conclusory allegations about jurisdiction are not sufficient. *Penteco Corp. Ltd. P'ship-1985A v. Union Gas Sys., Inc.*, 929 F.2d 1519, 1521 (10th Cir. 1991); *Matthews v. YMCA*, No. 05-4033-SAC, 2005 WL 2663218, at *2 (D. Kan. Oct. 19, 2005).

#### 2. Analysis

In its motion to dismiss, the State of Kansas asserts that the court lacks subject matter jurisdiction over the claims asserted against it because of the immunity established by the Eleventh Amendment. The Eleventh Amendment "accord[s] states the respect owed them as joint sovereigns," by granting immunity to nonconsenting states to suits in federal

4

court. *Steadfast Ins. Co. v. Agric. Ins. Co.*, 507 F.3d 1250, 1252 (10th Cir. 2007) (citations omitted). Eleventh Amendment immunity "applies . . . whether a plaintiff seeks declaratory or injunctive relief, or money damages." *Id.* (citations omitted). Eleventh Amendment immunity bars suits against a state "unless the state waives immunity or Congress has validly abrogated immunity." *Nelson v. Geringer*, 295 F.3d 1082, 1096 (10th Cir. 2002) (citing *Seminole Tribe v. Florida,* 517 U.S. 44, 54–55 (1996)). Neither exception applies here.

Kansas has not waived its immunity, and Congress did not abrogate state sovereign immunity when it enacted 42 U.S.C. §§ 1982, 1983, 1985, 1986, 1988, or 1989.[2] *See Alyshah v. Georgia,* 239 F. App'x 473, 474 (11th Cir. 2007) (holding that Eleventh Amendment immunity barred plaintiff's claims against the state which alleged violations of 42 U.S.C. § 1983, 1986, and 1988); *Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1195–96 (10th Cir. 1998) (holding that Eleventh Amendment immunity barred plaintiffs' §§ 1981, 1983, and 1985 claims "against Kansas and its state agencies in the federal courts"); *Gilbert v. Kansas*, No. 02-4163-JAR, 2002 WL 31863840, at *1 n.8 (D. Kan. Dec. 16, 2002) (holding that "42 U.S.C. § 1982 does not abrogate the states' Eleventh Amendment immunity").

In short, Eleventh Amendment immunity bars plaintiffs' §§ 1982, 1983, 1985, 1986, 1988, and 1989 claims against the State of Kansas. This requires the court to dismiss them without prejudice. *See Rural Water Sewer & Solid Waste Mgmt. v. Guthrie*, 654 F.3d 1058, 1069 n.9 (10th Cir. 2011) ("[A] dismissal on [Eleventh Amendment] sovereign immunity grounds . . . must be without prejudice.").

---

[2] No court explicitly has held that 42 U.S.C. § 1989 does not abrogate Eleventh Amendment immunity. But this provision does not create a private cause of action, so it is unlikely that Congress intended to allow States to be sued under this section. *See Randolph v. Henderson*, No. 14-CV-3845 (KAM), 2014 WL 2866024, at *2 (E.D.N.Y. June 24, 2014) ("Section 1989 does not provide a basis for jurisdiction over this matter, but instead provides for the appointment of sufficient magistrate judges in the district courts.").

**B.     Rule 12(b)(6) Motion to Dismiss for Failure to State a Claim by the Overland Park Defendants**

**1.     Legal Standard**

Federal Rule of Civil Procedure 8(a)(2) provides that a Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although this rule "does not require 'detailed factual allegations,'" it demands more than "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action'" which, as the Supreme Court explained, "will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Under this standard, 'the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims.'" *Carter v. United States*, 667 F. Supp. 2d 1259, 1262 (D. Kan. 2009) (quoting *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007)).

Although the court must assume that the factual allegations in the complaint are true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 1263 (quoting *Iqbal*, 556 U.S. at 678). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to state a claim for relief. *Bixler v. Foster*, 596 F.3d 751, 756 (10th Cir. 2010) (quoting *Iqbal*, 556 U.S. at 678).

**2.     Analysis**

The Overland Park defendants first argue that the statute of limitations bars plaintiff's claims.  Because the court agrees that the statute of limitations bars plaintiff's §§ 1982, 1983, 1985, and 1986 claims, it only reaches the Overland Park defendants' second argument for plaintiff's §§ 1988 and 1989 claims.

**a.     Statute of Limitations**

As the Tenth Circuit has observed on many occasions, "Congress provided no specific limitations period for civil rights actions."[3]  *Peoples v. Finney Cty. Bd. of Comm'rs*, 56 F.3d 78, 1995 WL 326131, at *1 (10th Cir. June 1, 1995).  "When Congress has not established a time limitation for a federal cause of action, the settled practice has been to adopt a local time limitation as federal law if it is not inconsistent with federal law or policy to do so."  *Wilson v. Garcia*, 471 U.S. 261, 266–67 (1985).  "In 42 U.S.C. § 1988, Congress has implicitly endorsed this approach with respect to claims enforceable under the Reconstruction Civil Rights Acts."  *Id.* at 267.

When determining the most appropriate state statute of limitations, the court must "characterize the essence of the claim in the pending case."  *Id.* at 268.  Generally, courts have characterized civil rights actions as creating a remedy for personal injuries or personal rights.  *See*, *e.g.*, *Lyons v. Kyner*, 367 F. App'x 878, 881 (10th Cir. 2010) ("For conspiracy claims under § 1985(3), courts have [] applied the forum state's personal-injury statute of limitations." (citations omitted)); *Peoples*, 1995 WL 326131, at *1 (quoting *Wilson*, 471 U.S. at 278) ("The Supreme Court has characterized section 1983 actions generally as 'conferring a general remedy for injuries to personal rights.'"); *Scheerer v. Rose State Coll.*, 950 F.2d 661, 664 (10th Cir.

---

[3] The exception to this rule is § 1986 because it contains its own limitations period.  That section is discussed separately, below.

1991) (agreeing with district court that the same basic considerations underlying the holdings in *Wilson* apply to plaintiff's § 1982 claim and thus classifying it as an action for personal rights injury).

This approach has led the federal courts to apply the limitations period adopted by state law for personal injury actions. *See*, *e.g.*, *Lyons*, 367 F. App'x at 882 ("Thus, we apply Kansas's two-year statute of limitations for personal injury actions to [plaintiff's] § 1983 claim and his § 1985(3) claim."); *Peoples*, 1995 WL 326131, at *2 ("This circuit, and district courts within this circuit, have consistently held that the appropriate limitations period in Kansas for a section 1983 action is the two-year period established for actions for 'injury to the rights of another' contained in [Kan. Stat. Ann.] § 60-513(a)(4)." (citations omitted)); *Scheerer*, 950 F.2d at 664 (affirming the district court's decision to apply the statute of limitations for personal injury suits in Oklahoma to a § 1982 claim).

The Kansas limitations period for personal injury actions is provided by Kan. Stat. Ann. § 60-513(a)(4). It provides, "An action for injury to the rights of another . . . shall be brought within two years." Kan. Stat. Ann. § 60-513(a)(4). "A civil rights action accrues when facts that would support a cause of action are or should be apparent." *Lyons*, 367 F. App'x at 882. "Claims arising out of police actions toward a criminal suspect are presumed to accrue when the actions actually occur." *Acosta-Felton v. Greinke*, No. 11-3103-RDR, 2013 WL 615469, at *3 (D. Kan. Feb. 19, 2013) (citing *Johnson v. Johnson Cty. Comm'n Bd.*, 925 F.2d 1299, 1301 (10th Cir. 1991)). "The limitations period for a § 1985(3) action runs from the occurrence of the last overt act resulting in damage to the plaintiff." *Lyons*, 367 F. App'x at 882 (citation omitted).

Here, plaintiff alleges that defendants committed civil rights violations between February 2 and 23, 2012. These putative violations included several actions, but they all occurred during the 21-day period of plaintiff's incarceration. The court finds that plaintiff's §§ 1982, 1983, and

1985 claims began accruing no later than February 23, 2012. Plaintiff had two years from that date to file those claims—until February 23, 2014. He did not file his Complaint here until February 3, 2017. Thus, Kan. Stat. Ann. § 60-513(a)(4) bars plaintiff's §§ 1982, 1983, and 1985 claims.

Unlike other civil rights actions, § 1986 contains a one-year statute of limitations period. *See* 42 U.S.C. § 1986 ("But no action under the provisions of this section shall be sustained which is not commenced within one year after the cause of action has accrued."). A § 1986 claim accrues at the same time as other civil rights actions. *See Acosta-Felton*, 2013 WL 615469, at *3 (applying the following rule to a § 1986 claim: "A claim for a civil rights violation generally accrues when the plaintiff knows or should have known his civil rights had been violated." (citing *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir. 1999)). So plaintiff's § 1986 claim also began to accrue not later than February 23, 2012. With one year to bring this claim, plaintiff missed his deadline by almost four years.

The court holds that the governing statutes of limitations bar plaintiff's §§ 1982, 1983, 1985, and 1986 claims.

### b. Failure to State a Claim

Plaintiff's Complaint also asserts claims under §§ 1988 and 1989. But, neither section creates a private cause of action. Section 1989 discusses the appointment of United States magistrate judges. The plain language of this provision bears no connection to the allegations in plaintiff's Complaint, and plaintiff never explains how it gives him a cause of action. The court thus dismisses plaintiff's § 1989 for failure to state a claim.

Section 1988 allows a prevailing party in a civil rights action to recover attorney's fees and expert fees. "A prevailing party in a civil rights action is entitled to recover fees pursuant to 42 U.S.C. § 1988(b), which states that 'the court, in its discretion, may allow the prevailing

9

party, . . . a reasonable attorney's fee as part of the costs.'" *Wirtz v. Kansas Farm Bureau Servs., Inc.*, 355 F. Supp. 2d 1190, 1196 (D. Kan. 2005). Section 1988(c) provides, "In awarding an attorney's fee under subsection (b) of this section in any action or proceeding to enforce a provision of section 1981 or 1981a of this title, the court, in its discretion, may include expert fees as part of the attorney's fee." Plaintiff has failed to establish that he is a prevailing party. *See Robinson v. Kansas*, 506 F. Supp. 2d 488, 495 (D. Kan. 2007) ("To be a prevailing party, the plaintiff 'must obtain at least some relief on the merits of his claim.'" (quoting *Farrar v. Hobby*, 506 U.S. 103, 113 (1992))). He also failed to even allege that he has attorney's fees or expert fees. And he has not demonstrated how this provision creates a cause of action in any other way. For these reasons, the court dismisses plaintiff's § 1988 for failure to state a claim.

### C. Judge Franklin and the Johnson County Defendants

Plaintiff never has served "Judge Franklin" or the Johnson County defendants. Thus, neither of these defendants has appeared. But plaintiff's claims against them are subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(ii).

#### 1. Legal Standard

When plaintiff is proceeding *in forma pauperis*, § 1915(e)(2)(B)(ii) authorizes the court to consider, sua sponte, whether the complaint fails to state a claim on which relief may be granted. *Whitney v. New Mexico*, 113 F.3d 1170, 1173 (10th Cir. 1997). The court granted plaintiff *in forma pauperis* status on February 6, 2017, and elects to exercise its authority under § 1915(e)(2)(B)(ii) to consider whether plaintiff's claims against Judge Franklin and the Johnson County defendants fail to state a claim for relief.

"In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss." *Washington v. Washington*, No. 14-1215-EFM-KGG, 2014 WL 4059788,

at *3 (D. Kan. Aug. 15, 2014) (citing *Kay v. Bemis,* 500 F.3d 1214, 1217–18 (10th Cir. 2007)). The court thus applies the standard recited in II.B.1., above.

### 2. Analysis

Plaintiff's factual statements fail to name defendants specifically. But each count alleges violations "against all defendants." *See* Doc. 1 at 3–5. Based on this allegation, plaintiff alleges identical claims against the Overland Park defendants, "Judge Franklin," and the Johnson County defendants.

The court already has held that the governing statutes of limitations bar plaintiff's §§ 1982, 1983, 1985, and 1986 claims, and that plaintiff's §§ 1988 and 1989 claims fail to state a claim. Because plaintiff's claims against all defendants are the same, the court concludes that plaintiff's §§ 1982, 1983, 1985, 1986, 1988, and 1989 claims against "Judge Franklin" and the Johnson County defendants are subject to dismissal for the same reasons. It thus dismisses them without prejudice for those reasons.

### D. Declaratory Judgment

Plaintiff also brings claims against all defendants under 28 U.S.C. §§ 2201 and 2202—the federal Declaratory Judgment Act. "The Declaratory Judgment Act is a procedural device that creates no substantive rights and requires the existence of a justiciable controversy." *Meyer v. City of Russell*, No. 12-1178-SAC, 2012 WL 5878613, at *7 (D. Kan. Nov. 21, 2012) (citing *Aetna Life Ins. Co. v. Haworth*, 300 U.S. 227, 239–241 (1937) (other citations omitted)). Plaintiff bases his declaratory relief claims on claims that this order dismisses. "A request for declaratory relief is barred to the same extent that the claim for substantive relief on which it is based would be barred." *Id.* (citing *Int'l Assoc. of Machinists and Aerospace Workers v. Tenn. Valley Auth.*, 108 F.3d 658, 668 (6th Cir. 1997) (other citation omitted)).

Because the court has decided to dismiss all of plaintiff's claims for substantive reasons, he cannot invoke the procedural device provided by the Declaratory Judgment Act. The court therefore dismisses his declaratory claims.

### E. Injunctive Relief

Finally, Plaintiff brings claims for injunctive relief against all defendants. "To establish standing for prospective injunctive relief, a plaintiff must be suffering a continuing injury or be under a real and immediate threat of being injured in the future." *Brady Campaign to Prevent Gun Violence v. Brownback*, 110 F. Supp. 3d 1086, 1092 (D. Kan. 2015). Here, plaintiff's claims contain no factual allegations suggesting that he is suffering a continuing injury or under a real and immediate threat of being injured in the future. Instead, plaintiff requests injunctive relief to prevent certain alleged constitutional violations from "ever happening again." Doc. 1 at 4–5 ¶¶ 25, 27. These claims do not establish standing for injunctive relief. The court thus denies plaintiff's claims for injunctive relief.

## III. Plaintiff's Motions

Plaintiff also has filed motions: a "Motion for Leave of Court to File the Following Amended Petition" and three motions for the court to take judicial notice.

### A. "Motion for Leave of Court to File the Following Amended Petition"

Plaintiff requests leave to file an Amended Complaint. Doc. 39 at 1. But plaintiff's proposed amendment is futile so the court denies it.

#### 1. Legal Standard

A party may amend its pleading once as a matter of course within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a)(1)(A). Defendant State of Kansas served its Motion to Dismiss on June 21, 2017. *See* Doc. 13. On October 18, 2017, plaintiff filed his "Motion for Leave to File the

Following Amended Petition." Doc. 39. By then, plaintiff's 21 days to amend his Complaint as a matter of course had passed. So, he can no longer amend his Complaint as a matter of course. But, Rule 15 allows plaintiff to amend with defendants' consent or the court's leave. Fed. R. Civ. P. 15(a)(2) ("In other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave."). In cases where plaintiff seeks to amend by leave of court, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The decision whether to grant leave to amend is committed to the court's discretion. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006). "Refusing leave to amend is generally only justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. W., Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993) (citations omitted). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal for any reason . . . ." *Watson ex rel. Watson v. Beckel*, 242 F.3d 1237, 1239–40 (10th Cir. 2001) (citations omitted).

### 2. Analysis

Plaintiff's Complaint is subject to dismissal because the statute of limitations bars all the claims it asserted. Likewise, all the claims in plaintiff's proposed Amended Complaint would be subject to dismissal unless it proposes claims that the statute of limitations does not bar. It does not.

Plaintiff's allegations in the Amended Complaint remain largely the same, albeit with more detail.[4] These additional facts do not affect the analysis materially. In large measure, they

---

[4] Plaintiff's proposed Amended Complaint also seeks to amend the parties. It no longer names Johnson County Jail Personnel John and Jane Does 1–5 as defendants. But in addition to the other Johnson

allege events occurring between February 2 and 23, 2012. Even with the additional factual detail offered by the proposed amendment, the statute of limitations still would bar all of the claims plaintiff seeks leave to assert in it.

But plaintiff's proposed allegations also refer to a new time period—the week after he allegedly was released—not referenced in his original Complaint. This additional time period involves plaintiff's request to get custody of his urine sample and review the court record. First, plaintiff alleges, "Finally after the ordeal ended on February 23, Mr. Auman requested the urine sample and medical paperwork and was refused. Mr. Auman called the facility later the next week to ask for it and they told him it was private information and that he could not have it." Doc. 39 at 6 ¶ 12. Second, plaintiff's proposed Amended Complaint alleges, "On or about the next week after Mr. Auman was released, he went to the Johnson County District Court to look at the case file and see what happened and what was going on." *Id.* at 7 ¶ 13.

Both allegations allege things that occurred, according to plaintiff, the week after he was released. Plaintiff was released on Thursday, February 23, 2012. The following Friday was March 2, 2012. While it is difficult to discern how these dates bear on plaintiff's allegations, the court applies the construction most favorable to plaintiff. The longest statute of limitations period for plaintiff's claims is two years. Applying that statute of limitations to this new time period, plaintiff had until March 2, 2014 to bring these claims. But he filed his Complaint on February 3, 2017. Consequently, the two-year statute of limitations would bar all claims in

---

County defendants, it also seeks to add as defendants Johnson County Sheriff Deputy Officer Loftus, Johnson County Sheriff Officer Jansen, Johnson County Warden for Gardener Jail Facility John Doe, Johnson County Sheriff Deputies John Doe 1–10, Johnson County Gardener Jail Facility Personnel John and Jane Does 1–10, Johnson County District Court, and Andre Tyler Deputy Clerk. And plaintiff seeks to add to the Overland Park defendants, the City of Overland Park Prosecutors Jane and John Doe 1–5, City of Overland Park Prosecutor Jean Seeber, and Overland Park employees John and Jane Does 1–10. These proposed amendments have no effect on the court's analysis here.

plaintiff's proposed Amended Complaint.  Because it is subject to dismissal, plaintiff's proposed Amended Complaint is futile.  And the court thus denies plaintiff's "Motion for Leave of Court to File the Following Amended Petition."

### B.     Judicial Notice

In addition to a "Motion for Leave of Court to File the Following Amended Petition," plaintiff asks the court to take judicial notice "that it has authority over defendants for purpose of relief from damages," Doc. 33, "that it has authority over defendants for purposes of injunctive and declaratory relief," Doc. 34, and "that once Defendants standing is challenged, Defendants must provide proof of standing," Doc. 35.

Judicial Notice is an evidentiary mechanism governed by the Federal Rules of Evidence. Fed. R. Evid. 201(b).  While it serves primarily as a mechanism for presenting judicially noticed facts before the trier-of-fact, a party properly can invoke it at the motion to dismiss stage.  *Yeasin v. Durham*, 224 F. Supp. 3d 1194, 1198 (D. Kan. 2016) (citing *Tal v. Hogan*, 453 F.3d 1244, 1265 n.24 (10th Cir. 2006) (other citation omitted)).

But this is not the way that plaintiff tries to use judicial notice here.  Instead, he asks the court to take judicial notice of several legal conclusions, *e.g.*, that the court "has authority over defendants for purpose of relief from damages."  This is not a proper use of judicial notice and the court dismisses his motions for that reason, among others.

### IV.     Conclusion

In sum, the court dismisses plaintiff's claims against the State of Kansas because it enjoys Eleventh Amendment immunity.  The court also dismisses plaintiff's claims against the Overland Park defendants, "Judge Franklin," and the Johnson County defendants, because the applicable statutes of limitations bar plaintiff's §§ 1982, 1983, 1985, and 1986 claims and plaintiff's §§ 1988 and 1989 claims fail to state a claim.  Plaintiff's proposed Amended

Complaint does not fix these problems and the court denies plaintiff's motion for leave to file an amended Complaint for that reason. Finally, plaintiff's requests for judicial notice are improper and the court thus denies them.

**IT IS THEREFORE ORDERED THAT** defendant State of Kansas's Motion to Dismiss (Doc. 13) is granted, and the court dismisses the claims against it without prejudice.

**IT IS FURTHER ORDERED THAT** the Overland Park defendants' Motion to Dismiss (Doc. 18) is granted.

**IT IS FURTHER ORDERED THAT** plaintiff's claims against Judge Franklin, Johnson County Sheriff's Department, and Johnson County Jail Personnel John and Jane Does 1–5 fail to state a claim for relief, and the court thus dismisses them without prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii).

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion to Take Judicial Notice – Municipalities and Counties are Subject to Liability Because They are Not Arms of the State" (Doc. 33) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion to Take Judicial Notice – Court has Jurisdiction over all Government Entities for Purpose of Injunctive and Declaratory Relief" (Doc. 34) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion to Take Judicial Notice – That Once Standing is Challenged, A Litigant Must Provide Proof" (Doc. 35) is denied.

**IT IS FURTHER ORDERED THAT** plaintiff's "Motion for Leave of Court to File the Following Amended Petition" (Doc. 39) is denied.

**IT IS SO ORDERED.**

**Dated this 29th day of January, 2018, at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**