# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KEN AUMAN,**

       **Plaintiff,**

**v.**

**STATE OF KANSAS, et al.,**

       **Defendants.**

Case No. 17-2069-DDC-JPO

## MEMORANDUM AND ORDER

This matter comes before the court on plaintiff Ken Auman's pro se "Motion for Extension of Time to Motion for Re-Hearing under FRCP 59(e) or in the Alternative First Motion for Re-Hearing" (Doc. 45).[1] First, plaintiff asks the court to extend the deadline to file a motion under Rule 59(e) by 120 days. The court may not do so. *See* Fed. R. Civ. P. 6(b)(2) ("A court must not extend the time to act under Rules 50(b) and (d), 52(b), 59(b), and (e), and 60(b)."). Alternatively, plaintiff asks the court to treat this filing as a Rule 59(e) motion. The court lacks jurisdiction to do so. *See Watson v. Ward*, 404 F.3d 1230, 1231 (10th Cir. 2005) ("[A] court lacks jurisdiction over [an] untimely Rule 59(e) motion." (first citing Fed. R. Civ. P. 6(b); then citing *Brock v. Citizens Bank of Clovis*, 841 F.2d 344, 347 (10th Cir. 1988))). But the court treats the filing as a Rule 60(b) motion. *See Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991) (holding that a district court must construe an untimely Rule 59(e) motion as a motion under Rule 60(b)).

---

[1] Although defendant State of Kansas and the Overland Park defendants have responded (Docs. 46 & 47), plaintiff has not filed a Reply. His time to do so expired on March 19, 2018.

In the following paragraphs, the court discusses why the motion is untimely under Rule 59(e). Then, it analyzes the motion as one under Rule 60(b).

The court may not consider plaintiff's filing as a Rule 59(e) motion because it is untimely. Rule 59(e) provides plaintiff 28 days after the entry of judgment to file a motion to alter or amend judgment. Fed. R. Civ. P. 59(e). The court entered judgment against plaintiff on January 29, 2018. Doc. 44. Plaintiff filed this motion on February 28, 2018—30 days later.

The court notes that the deputy clerk mailed the judgment to plaintiff. Rule 6(d) extends deadlines by three days when a party must act within a specified time after being served by mail. Fed. R. Civ. P. 6(d). But Rule 6(d) does not apply here because "the deadline is triggered by entry of judgment"—not by service. *City of Shawnee, Kan. v. Argonaut Ins. Co.*, No. 06-2389-GLR, 2008 WL 2699906, at *1 (D. Kan. July 2, 2008); *see Parker v. Bd. of Pub. Utilities of Kansas City, Kan.*, 77 F.3d 1289, 1290–91 (10th Cir. 1996) ("[the] period specified in Rule 59(e) is triggered by entry of the judgment, not by service of notice or other paper as contemplated by Rule 6[d]."). Thus, Rule 6(d) cannot extend plaintiff's deadline even though he was served with the judgment by mail. This makes his motion untimely and the court thus lacks jurisdiction to consider it. *See Watson*, 404 F.3d at 1231.

When a court lacks jurisdiction to consider a Rule 59(e) motion, it must construe the motion as one under Rule 60(b). *Van Skiver*, 952 F.2d at 1243. Accordingly, the court now considers plaintiff's filing as a Rule 60(b) motion.

Rule 60(b) provides:

[T]he court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

2

>  (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>  (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>  (4) the judgment is void;
>
>  (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>  (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Because plaintiff proceeds pro se, the court construes his pleadings liberally and holds them to a less stringent standard than those drafted by lawyers. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). This standard leads the court, first, to construe plaintiff's motion as invoking the second subsection of Rule 60(b). *See* Doc. 45 at 3–4 (referencing newly discovered evidence).

"Relief under Rule 60(b) is extraordinary and may only be granted in exceptional circumstances." *Bud Brooks Trucking, Inc. v. Bill Hodges Trucking Co.*, 909 F.2d 1437, 1440 (10th Cir. 1990) (citation omitted). A losing party may not invoke Rule 60(b) to rehash or restate issues already addressed, or present new arguments that the party could have raised in earlier filings. *See Van Skiver*, 952 F.2d at 1244 (discussing requirements of a Rule 60(b) motion). And a party seeking relief from a judgment bears the burden to demonstrate each prerequisite for relief. *Id.* at 1243–44 (explaining that a movant must show "exceptional circumstances by satisfying one or more of Rule 60(b)'s six grounds for relief from judgment.").

Here, plaintiff merely claims he has discovered new evidence. *See* Doc. 45 at 3–4 ("Plaintiff has now on his own found newly discovered evidence by beginning to talk to a

3

number of related parties. For example, Plaintiff now knows that there was more than one friend and relative that called Defendant Overland Park after Plaintiff went missing, to require written documentation of why Plaintiff was being held and Defendant(s) declined to act or act in good faith. Plaintiff has other new evidence that requires more explanation and time to develop. And finally, there is literal new evidence as of last week, [defendant] complied with an administrative request for documentation related to this false incarceration and they sent 157 pages which will take a little longer to go through and ask follow-up questions about.").

Despite this reference, plaintiff provides the court no reason to grant him relief from the judgment. In his motion, plaintiff loosely asserts he discovered the new evidence "last week." This vague reference prevents the court from discerning whether, with reasonable diligence, plaintiff could have discovered this new evidence in time to make a timely submission under Rule 59(e). *See Somerlott v. Cherokee Nation Distributors, Inc.*, 686 F.3d 1144, 1153 (10th Cir. 2012) ("Grounds for granting a Rule 59(e) motion include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." (internal quotation marks and citation omitted)).

Even if plaintiff could not have discovered this new evidence in time, plaintiff fails to establish how this "newly discovered evidence" could affect the court's judgment. The court dismissed plaintiff's claims against the State of Kansas because the State of Kansas enjoys Eleventh Amendment immunity. The court also dismissed plaintiff's claims against the Overland Park defendants, "Judge Franklin," and the Johnson County defendants, because the governing statutes of limitations bar plaintiff's §§ 1982, 1983, 1985, and 1986 claims and his §§ 1988 and 1989 claims fail to state a claim—*i.e.*, §§ 1988 and 1989 create no private cause of action. Doc. 43 at 15–16. The court cannot conceive how any newly discovered evidence could

affect any of these conclusions. In any event, plaintiff has not presented the court with any way his alleged "newly discovered evidence" could do so. And so, the court denies him relief under Rule 60(b)(2).

Finally, the court also construes plaintiff's motion to invoke the "catch-all provision" found in subsection (6) of Rule 60(b). *See* Fed. R. Civ. P. 60(b)(6) (providing relief for "any other reason that justifies relief."). The Tenth Circuit has described this subsection as a "grand reservoir of equitable power to do justice in a particular case." *Van Skiver*, 952 F.2d at 1244 (quoting *Pierce v. Cook & Co.*, 518 F.2d 720, 722 (10th Cir. 1975) (en banc)) (internal quotation marks omitted). The Circuit has found the requisite extraordinary circumstances justifying relief when there has been a "post-judgment change in the law '*arising out of the same accident as that in which the plaintiffs . . . were injured.*'" *Id.* at 1244–45 (ellipse in original) (emphasis added) (comparing *Pierce*, 518 F.2d at 723 with *Collins v. City of Wichita*, 254 F.2d 837, 839 (10th Cir. 1958)). Plaintiff never asserts any post-judgment change in the law—let alone one arising in a related case—and so the court declines to grant any relief under Rule 60(b)(6).

In sum, Rule 6(d) does not permit the court to extend the deadline for plaintiff to submit a Rule 59(e) motion. Also, the court may not treat plaintiff's motion as a Rule 59(e) motion because it is untimely. And considered as a Rule 60(b) motion, plaintiff's filing fails to establish any reason for granting relief under subsection (2) or (6). The court thus denies plaintiff's motion.

**IT IS THEREFORE ORDERED THAT** plaintiff Ken Auman's "Motion for Extension of Time to Motion for Re-Hearing under FRCP 59(e) or in the Alternative First Motion for Re-Hearing" (Doc. 45) is denied.

**IT IS SO ORDERED.**

**Dated this 27th day of April, 2018, at Topeka, Kansas.**

                                              **s/ Daniel D. Crabtree**
                                              **Daniel D. Crabtree**
                                              **United States District Judge**